Entered on Docket
June 22, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: June 22, 2011

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                     Case No.  10-71909 EDJ
                                          Chapter 7
DON CRUZ DATANAGAN,

                              Debtor./

### DECISION

Paul J. Mansdorf, trustee in bankruptcy ("Mansdorf"), has objected to an amended claim of exemption by Don Cruz Datanagan, the above debtor ("Datanagan"), as to a federal tax refund in the sum of $4,504. Datanagan opposes Mansdorf's objection, and in turn, has objected to the allowance of the fees and costs requested by Mansdorf for his services in this bankruptcy case.[1]

A debtor generally has a right to amend his or her schedules,

---

[1] The maximum amount of compensation that a court may allow to a trustee in bankruptcy is a function of the amount the trustee distributes to parties in interest other than the debtor. Bankruptcy Code § 326(a). The basis for Datanagan's objection to Mansdorf's fees and costs appears to be limited to the fact that, if Datanagan's disputed claim of exemption is allowed in full, then Mansdorf would have no funds remaining to distribute to any persons other than Datanagan.

Decision

including scheduled claims of exemption, until a bankruptcy case is closed. Fed. R. Bankr. P. 1009(a). However, amended claims of exemption may be disallowed in the event a debtor is guilty of bad faith or when the amendment will unfairly prejudice a third party. In re Magallanes, 96 B.R. 253, 256 (9th Cir. BAP 1988).

"The usual ground for a finding of 'bad faith' is the debtor's attempt to hide assets." In re Arnold, 252 B.R. 778, 785 (9th Cir. BAP 2000). Here, the record now before the court clearly shows that Datanagan did not initially schedule the tax refund as an asset. Absent an evidentiary hearing, however, the record is not sufficient to permit a finding that Datanagan's initial failure to schedule the tax refund as an asset, or to claim it as exempt, was necessarily an effort on Datanagan's part to hide assets.[2]

Even so, the court may permissibly surcharge a claim of exemption for a trustee's fees and costs when the equities so demand. Arnold, 252 B.R. at 788-89 and cases cited therein at 789.

Here, the equities so demand. Of particular importance is the fact that Datanagan was aware of his right to the tax refund no later than November 12, 2010,[3] and yet allowed Mansdorf to perform a

---

[2]Datanagan denies any fraudulent intent. See Datagan's Opposition to Trustee's Application, filed June 9, 2011. It follows that, as to any intentional concealment, an issue of fact is present that the court cannot resolve absent an evidentiary hearing. When the court offered an evidentiary hearing to the parties, however, neither Mansdorf nor Datanagan accepted.

[3]Datanagan's Opposition to Trustee's Application, page 2, paragraph 1.

Decision 2

Case: 10-71909   Doc# 34   Filed: 06/22/11   Entered: 06/22/11 16:42:56   Page 2 of 4

substantial amount of work to obtain the refund or its value, see
Bankruptcy Code § 542(a), before he (Datanagan) amended his
schedules on January 17, 2011 to claim the refund as exempt.[4]

The court will therefore issue its order allowing Datanagan's
amended claim of exemption in the tax refund, subject, however, to a
surcharge in the sum of $1,197.11, representing the amount of fees
and costs to which Mansdorf would have been entitled for his efforts
if Datanagan had not amended his schedules to claim the refund as
exempt after Mansdorf had performed substantial work in connection
therewith.

\*\* END OF DECISION \*\*

---

[4] Mansdorf filed his motion for turnover of the tax refund on November 17, 2011. As mentioned, Datanagan did not file his amended Schedule C claiming the tax refund as exempt until January 17, 2011. The work Mansdorf performed in the interim is set forth in Mansdorf's Reply to Opposition, filed June 10, 2011.

Decision 3

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | |
| 3 | Kevin J. Stewart |
|   | Law Offices of Kevin J. Stewart |
| 4 | 4100 Redwood Rd. #387 |
|   | Oakland, CA 94619 |
| 5 | |
|   | Paul Mansdorf |
| 6 | 1563 Solano Ave. #703 |
|   | Berkeley, CA 94707 |

Decision    4